## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| TIMOTHY ERWIN, | : | CASE NO. 1:16-cv-01166 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | |
| v. | : | **DECLARATION OF LAWRENCE E.** |
| | : | **BARBIERE** |
| VILLAGE OF MORROW, OHIO, | : | |
| | : | |
| Defendant. | : | |

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) SS |
| COUNTY OF WARREN | ) |

Now comes the declarant, Lawrence E. Barbiere, and pursuant to 28 U.S.C. § 1746, states the following under oath:

1.  That I, Lawrence E. Barbiere, have reviewed the pleadings referred to in this Declaration, including the Plaintiff's application for attorney fees. I am over 18 years of age. I am a graduate of the University of Cincinnati, College of Law and have been admitted to practice law in Ohio and the Federal Court for the Southern District of Ohio since 1977. I was admitted to practice before the United States Supreme Court in 2002. For the past 25 years, a substantial part of my practice has focused on civil rights litigation, government affairs, and employment law. I have been counsel or co-counsel on hundreds of civil rights and employment cases filed in the state and federal courts of Ohio.

2.  I have defended ADA, ADEA and civil rights cases against local and state government agencies in this district. I have specific knowledge that fees in these cases can be awarded under the ADA, ADEA, 42 U.S.C. § 1988 and other civil rights fee-shifting statutes.

3.  I am qualified by virtue of my training, education, and experience to provide an expert opinion regarding the request for fees by Plaintiff's counsel in the above action.

4.  I believe the hourly rates requested by Plaintiff's counsel are reasonable. It appears that Plaintiff's counsel James Whitaker has been practicing law for 45 years and Carolyn Betts has been practicing law for 35 years.

5.      I have reviewed pertinent the pleadings in this matter, including the pleadings and attachments related to Plaintiff counsel's request for attorney fees.

6.      In review of Plaintiff's matter billing detailed report (Doc. 134-2), some of the work was not reasonable. "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonably hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543 (1984). "'Reasonableness...should depend not on hindsight, but on whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Simone v. VSL Pharm., Inc.*, No. TDC-15-1356, 2018 U.S. Dist. Lexis 21332, at *16 (D. Md. Dec. 19, 2018), quoting *Underdog Trucking, LLC v. Verizon Servs. Corp.*, 276 F.R.D. 105, 112 (S.D.N.Y. 2011).

7.      The amount of time Attorneys Whitaker and Betts, who together have 80 years of experience, spent on certain aspects of this case is unreasonable, and reasonable attorneys with similar experience and billing at similar hourly rates would not have spent as much time.

8.      According to Plaintiff counsel's billing statements, they spent 19.7 hours preparing Plaintiff's 15-page response in opposition to Defendant's motion for judgment on the pleadings (Doc. 12). Plaintiff's claims for Wrongful Termination in Violation of Public Policy, Termination without Public Hearing, and Breach of Employment Contract did not survive summary judgment, which indicates that there never was a likelihood that Plaintiff would prevail on those claims. In fact, Plaintiff conceded early in the litigation, that he was an employee at will. Therefore, it is not reasonable to award attorney fees to Plaintiff on claims that, even with the benefit of discovery, did not survive summary judgment. It appears Plaintiff's counsels' arguments on those claims in the Motion for Summary Judgment and Motion for Judgment on the Pleadings accounted for approximately 20% of the briefs.

9.      According to Plaintiff counsel's billing statements, they spent 50.8 hours preparing their 24-page motion for summary judgment (Doc. 62); they spent 37.8 hours preparing their 21-page response in opposition to Defendant's motion for summary judgment (Doc. 64); and they spent 13.3 hours preparing a reply in support of their motion for summary judgment that they did not file. Altogether, they spent 101.9 hours briefing summary judgment.

10.     According to the trial court's decision granting in part and denying in part the Plaintiff's and Defendant's motions for summary judgment, Morrow prevailed on half of the claims asserted against it. In reviewing the parties' summary judgment briefing, there was never a likelihood that Plaintiff would prevail on the dismissed claims.

11.     In my opinion, the time spent by counsel for Plaintiff briefing the issues relating to Wrongful Termination in Violation of Public Policy, Termination without Public

2

Hearing, and Breach of Employment Contract was unreasonable. Plaintiff had little chance of prevailing on those claims from the outset, and the Opinion and Order on Summary Judgment (Doc 80) disposed of those claims. The briefing of those claims appears to have accounted for approximately 20% of the hours spent by Plaintiff briefing the Motion for Judgment on the Pleadings and Motions for Summary Judgment.

12.     Overall, the time expended by Plaintiff's counsel in this case is unreasonable and excessive given their relative experience as set forth above. Morrow prevailed on six of Plaintiff's eight claims, and the fee award to Plaintiff should be reflective of his failure to achieve success on all claims.

_Lawrence E. Barbiere_
Lawrence E. Barbiere

Date:  September 22, 2021